JOHN R. WEED, Appellant, *v.* EDWIN C. BURT, Respondent.

78   191
129   123

Where a servant, employed for a stated term, is dismissed from his master's employment, prior to the expiration of the term, he cannot maintain an action to recover wages subsequently accruing ; his action should be for damages for breach of the contract of employment.

In an action to recover wages under an alleged contract of employment for one year at an agreed price, payable ratably and monthly, the complaint showed that plaintiff was out of the service of defendant, and was in the hire of others a part of the alleged term. It appeared upon the trial that plaintiff had before sued the defendant for wages for a prior month; the defense therein was a denial of the hiring, other than a permission to remain temporarily to close up certain work, and that defendant left plaintiff's employment on the twentieth of the month. Judgment was given for plaintiff in that action, adjudging him to be entitled to the wages for the month. *Held*, that the defendant was not barred from setting up and proving a discharge of plaintiff from this service, by the fact that it was not set up and proved in the former action.

(Argued June 12, 1879; decided September 17, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of defendant, entered upon the decision of the court on trial without a jury.

The facts appear sufficiently in the opinion.

*Wm. Henry Arnoux*, for appellant. The court erred in refusing to find that the first judgment estopped defendant from defending in this action, on the ground of a discharge in January, 1871. (*Polk* v. *Daly*, 4 Daly, 411; *Moody* v. *Leverick*, id., 401; *Howard* v. *Daly*, 61 N. Y., 362.)

*Samuel Hand*, for respondent. Plaintiff's only remedy was an action for damages. (*Moody* v. *Leverick*, 4 Daly, 401; *Polk* v. *Daly*, id., 411; *Howard* v. *Daly*, 61 N. Y., 362; *Smith* v. *Hayward*, 7 Ad. & El., 544; *Fewings* v. *Tisdal*, 1 Exch., 295; *Elderton* v. *Emmons*, 6 C. B., 160, 177; 4 H. of L., 645.)

FOLGER, J. This action is brought to recover wages alleged to be due to the plaintiff for his services for the defendant as book-keeper for him, for a term stated in the complaint, as agreed upon between them. The complaint alleged a hiring for a year, salary payable monthly. It appears, however, that the plaintiff did not render service

for that term. So far from so doing, he was dismissed from the defendant's employment, at a date earlier than the beginning of the time alleged in the complaint as that for which the wages are alleged to be due ; and for a part of that time he served other folks, and took from them his hire therefor. On that showing, his action should not be for wages, but for damages for not being continued in service, as was agreed : (*Howard* v. *Daly*, 61 N. Y., 362, and cases there cited.) The plaintiff neither performed services, nor made tender of performance. He may not on such state of facts recover for wages. If he has cause of action, it is for the damages he has been put to by not being let to go on with his service.

If there was nothing else in this case, the judgment would, of course, be affirmed. But the plaintiff claims that there was error in the conduct of the trial. It appeared on the trial that the plaintiff had before sued the defendant for the wages for one month, as a part of a term of hiring for one year; for a month prior to the time sued for in this action. The action was in a court of a district justice in New York city. The defense was a denial of the hiring, other than a permission to remain temporarily to close up his work upon the books ; and that the plaintiff left the defendant's employ on the twentieth of the month the wages for which were sued for. The judgment was given for the plaintiff that he was entitled to the wages for the whole month, as part of a term of hiring for one year, at an agreed price, payable ratably and monthly. It is claimed that this prior adjudication determined all questions between the parties that were litigated in that court, or that might have been litigated. And it will be seen that the defense is not at all based upon a discharge of the plaintiff from the service of the defendant, when the first month of the term was but two-thirds out. It is now claimed that because that fact was not then set up in defense and was not proven, it cannot now be set up and proven ; and that it was error to receive testimony of it, and to give it weight in reaching a judgment. · It is not needed that we say how this is. The complaint of the plaintiff in this action

shows that he was out of the service of the defendant for a part of the term for which it is alleged that he was hired, and was in the hire of others. It was not improper then for the court to learn the true and full state of the facts of which the plaintiff had given some insight in his initial pleading. His own allegations in beginning this action showed that the same state of facts did not at the time exist which were the ground of the judgment in the action in the district court. This being so, he cannot rightfully object that the court follows and takes the testimony to show just how the case is.

The judgment should be affirmed.

All concur, except ANDREWS, J., absent.

Judgment affirmed.