TIMOTHY H. TEALL, Respondent, *v.* THE CONSOLIDATED ELECTRIC LIGHT COMPANY, Appellant.

Where a trial court makes a correct ruling upon an erroneous theory, or assumption, no error is committed authorizing a reversal.

In an action against a corporation upon an alleged contract, the making of the contract was expressly admitted by the answer and an affirmative defense set up. On the trial the admission in the pleading was not

alluded to, but plaintiff gave proof of the execution of the contract by one of defendant's officers. The court directed a verdict for plaintiff. *Held*, that although the court might have been in error in holding the contract proved, plaintiff had the right to avail himself of the admission, to sustain the ruling on appeal, even if it was not taken into consideration by the court below.

*It seems* that if the case had been submitted to the jury upon the evidence, and they had rendered a verdict for defendant, plaintiff, having acted upon the theory that the contract was in issue, could not, upon appeal or motion to set aside the verdict, have relied upon the admission.

(Argued March 13, 1890; decided March 18, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 13, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

The complaint in this action alleged the making of a contract by defendant, "through its duly authorized acting officer and agent," with plaintiff, for the performance of certain services by the latter; that he entered upon the performance of such duties and incurred therein certain expenses. Plaintiff claimed to recover for the service and expenses. The first paragraph of the answer which was verified admitted "that a contract or agreement was made between the parties in form as stated in the complaint," but denied that plaintiff rendered any services thereunder. The second paragraph of the answer denied that "the contract in suit" was made through any authorized officer or agent of defendant, and avers that it was "executed on the part of this defendant" by an officer without authority, and by a mutual mistake. There was no direct denial that such contract was in some way, by ratification or otherwise, made. Defendant gave no evidence on the trial of the affirmative defense set out in the second paragraph of its answer. Plaintiff's counsel did not, upon the trial, allude to the admission of the contract contained in the answer, but gave evidence of its actual execution. The trial court ordered a verdict for plaintiff, but did not allude to the admission in the answer.

The court here say:

" The plaintiff had the right to start upon the trial with his contract distinctly and clearly admitted, and it rested upon

the defendant to prove the matters alleged in the second portion of the answer to avoid the binding obligations thereof. The trial judge, therefore, committed no error in holding that the contract was conclusively established.

"It is true that at the trial the plaintiff's counsel did not, so far as appears in the record, allude to the admission of the contract contained in the answer, and that he gave evidence of the actual execution of the contract, and when the trial judge ordered a verdict for the plaintiff it does not appear that he took any notice of the admission in the answer, and he may have acted entirely upon the evidence. But in holding that the contract was established, even if he did not take into account the admission in the answer, but made a right ruling upon an erroneous theory, or upon an erroneous assumption, he committed no error for which his decision could be reversed. If, however, the case had been submitted to the jury upon the evidence and they had rendered a verdict for the defendant, it is quite probable that the plaintiff could not upon appeal, or upon a motion to set aside the verdict, have relied upon the admission in the answer which was not called to the attention of the court or the opposite party at the trial. In such a case, if the plaintiff at the trial acted upon the theory, and permitted the defendant and the court to act upon the theory, that the contract was in issue, he would not be permitted to change his position after verdict. But here this court is asked to reverse a judgment which is absolutely right upon an express admission made in the answer, and with that admission, there certainly can be no allegation of error.

"The defendant upon the trial, gave no evidence of the affirmative defense set out in the second portion of the answer. It is undisputed in the evidence that the plaintiff entered upon the performance of his contract and thereafter acted under the direction of defendant's officers, and performed the very services mentioned in the contract, and there is no proof whatever, that he neglected or refused to perform any part of the contract, and therefore, there was nothing in reference to his performance for submission to the jury."

*Charles C. Bull* for appellant.

*George H. Sears* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.