### BERG *v.* CARROLL et al.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. MASTER AND SERVANT—ACTION FOR SERVICES.

    In an action for salary, where the term of employment has not expired by limitation, plaintiff is not required to show a continuance of the employment in order to make out a *prima facie* case, as, in the absence of proof to the contrary, its continuance will be presumed.

2. SAME.

    Nor is it incumbent, in such action, for plaintiff to show an actual rendition of services; readiness to act under directions of defendant being all that can be required.

Appeal from fifth district court.

Action by Isaac Berg against Joseph W. Carroll and another. There was judgment for plaintiff, and defendants appeal therefrom.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*Shepard & Osborn,* for appellants. *Samuel D. Levy,* for respondent.

BISCHOFF, J. Joseph Gluckman, plaintiff's assignor, was employed by defendants as traveling salesman under a written contract, pursuant to the terms of which the defendants agreed to employ him from April 22, 1889, to December 31, 1889, at the annual salary of $1,500, payable in weekly installments of $30 each; and this action was brought to recover the installments for the five weeks commencing July 6th and ending August 10th. Upon the trial, plaintiff introduced evidence tending to show that shortly before July 5, 1889, Gluckman was in St. Louis upon defendants' business, and that, owing to their neglect to supply him with the necessary money for expenses, he was compelled to return to New York, and arrived there about July 5th. It also appeared on the part of plaintiff that, on his return, Gluckman at once reported at defendants' place of business, and demanded further instructions in his employment, besides an advance of money for his necessary expenses in their business, but that defendants wholly failed to give such instructions or to supply such money, and that after awaiting such instructions for five weeks, from July 6th to August 10th, without receiving either instructions to proceed, or traveling expenses or salary, Gluckman on the last-mentioned day elected to terminate his employment. He thereupon assigned his claim for salary for the five weeks mentioned to the plaintiff, testified that throughout the period mentioned the former was not only ready and willing to continue his employment, but that he also held himself in readiness to perform such services as defendants might have properly required of him under his contract of employment, and that defendants were repeatedly advised to that effect. Defendants, on the other hand, adduced proof tending to show that Gluckman, in violation of instructions to proceed from St. Louis to Chicago upon defendants' business, returned to New York, and on his return absolutely refused to continue his employment unless they would agree to the payment of a demand not involved in this action, the particulars of which were nowhere sufficiently explained. It was claimed for the defendants that this refusal on Gluckman's part constituted a breach of his contract, and an abandonment by him of his employment, and that, because of such breach and abandonment, he was precluded from recovering any salary alleged to have accrued subsequent thereto. Upon this contradictory evidence the trial justice charged the jury that they must determine whether or not there was a termination of the contract, by abandonment of the employment or otherwise, on the part of either party, prior to the period for which the salary was claimed, and that, if they found that there was such termination or abandonment, plaintiff could recover only such salary as had accrued to Gluckman prior thereto, but, if they found there was no such termination of the contract or abandonment of the employment, and that Gluckman held himself ready, during the period for which salary was claimed, to receive and act upon defendants' directions touching his employment, plaintiff was entitled to recover the full amount claimed without proof showing that actual services were rendered. The jury returned a verdict for plaintiff for the full amount claimed.

Defendants denied any breach of contract or abandonment of employment on their part, and alleged that such abandonment was by Gluckman. Gluckman, however, denied that he abandoned defendants' service prior to August 10th, and further denied that, prior to said last-mentioned date, he had been discharged or dismissed by defendants. There was evidence upon the trial in support of the contention of each party, presenting such a conflict concerning the fact of the termination of the contract, or the abandonment of the

employment thereunder, prior to August 10th, as to render the submission of that question to the jury imperative upon the court. The jury having found for the plaintiff in the full amount claimed, it must be assumed, for the purposes of this appeal, that the contract of employment continued valid and subsisting during the period for which the salary demanded in this action; and, there being no exceptions to charge or refusals to charge, the only questions presented for review are those arising upon the denial of the motions for dismissal, and the exceptions to the admission and exclusion of evidence. A motion for dismissal was made by defendants' counsel when plaintiff closed his direct proof, and again upon the final submission of the case; and, as both motions were made upon substantially the same grounds, they may be considered together. These grounds were that the evidence failed to show that the employment had continued during the period for which salary was claimed; that it appeared that such employment had been abandoned prior to the commencement of that period; that plaintiff's remedy, if the abandonment by defendants was without justification, or by Gluckman upon sufficient provocation, was by an action for damages for breach of the contract, and not for salary; and that salary could only be recovered upon proof that the services for which compensation was claimed had been actually performed, but that plaintiff had failed to show such performance by Gluckman. The period for which defendants had agreed to employ Gluckman was from April 22, 1889, to December 31, 1889. It was admitted by the pleadings that Gluckman entered upon the employment, and continued therein until July 5th. The relation of employer and employe having been once established under the contract admitted to have been entered into, and the term of employment not appearing to have expired by limitation, it must be presumed to have continued until the contrary appeared. 1 Greenl. Ev. § 41 et seq; *Beckwith* v. *Whalen*, 65 N. Y. 322. To make out a *prima facie* case, plaintiff, then, was not required by affirmative proof to establish a continuance of the employment. Its continuance was to be presumed until affirmative proof of its termination was introduced. There was nothing in plaintiff's direct proof showing a termination of the contract of employment by either party thereto. Gluckman distinctly denied that he had ever left the defendants' employment. Defendants introduced proof tending to show an abandonment of the employment, which was met by opposing proof on the part of the plaintiff; and when, upon the final submission of the case, the motion for dismissal was renewed, there was a conflict of evidence concerning such question which could only have been properly determined by the jury.

Neither was it incumbent upon plaintiff to show the actual rendition of services by Gluckman. The contract was for continuous employment, and readiness to act upon the direction of the defendants was all that could be required. In the absence of any express provision to the contrary, all that the employe engages to do is to hold his time and services subject to the disposal of his employment, as may from time to time be assigned to him. If the employe holds himself in readiness, and complies with his employer's directions, in such employment, he has discharged his obligation; and the law will not require him to forfeit his right to the compensation agreed upon because the employer has seen fit to withhold directions from him, and thus kept him in idleness. An abandonment of the employment by the defendants cannot, therefore, be predicated upon their neglect to require actual services from Gluckman, unaccompanied by some affirmative act indicating the latter's discharge or dismissal from service.

There being, then, nothing, upon the close of plaintiff's direct proof, to show a termination of the employment, and there being a conflict of evidence concerning such termination upon the final submission of the case, the motions to dismiss were properly denied. The verdict established the fact that the employment continued up to August 10th. The case of *Moody* v. *Leverich*,

4 Daly, 401, 14 Abb. Pr. (N. S.) 145, and *Weed* v. *Burt,* 78 N. Y. 193, are not applicable to the facts of this case. In those cases it appears that the salary sought to have been recovered accrued subsequent to the dismissal of the plaintiff from the defendant's employment, while in this action the salary sought to be recovered accrued during the continuance of the employment.

Neither of defendants' exceptions to the rulings of the trial justice on the admission and exclusion of evidence shows sufficient merit to warrant a reversal. The judgment should be affirmed, with costs.