ALEXANDER SOLOMON, Appellant, v. VICTOR VALLETTE, Respondent.

1. PLEADINGS — CONTRACT CONSTRUED BY. The fact, that a contract of employment was made for one year, is established by the pleadings, where the complaint alleges an employment from the 25th day of September, 1886, to the 25th day of September, 1887, "as from the said contract, to which this plaintiff asks leave to refer upon the trial of this action, it will more fully and at large appear;" when the answer does not in any manner deny this allegation or deny that the employment was for a year, but puts in issue only an allegation as to discharge without cause.

2. CONTRACT — ORAL MODIFICATION. A written contract may be modified by an oral direction subsequently given by one party to the other to do what the original contract provided should not be done without written consent.

*Solomon* v. *Vallette*, 9 Misc. Rep. 389, reversed.

(Argued February 11, 1897; decided March 2, 1897.)

APPEAL from an order of the General Term of the Superior Court of Buffalo, made July 2, 1894, affirming as to the facts, but reversing upon the law, a judgment in favor of plaintiff entered upon a verdict, and also an order denying a motion for a new trial, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*B. Frank Dake* for appellant. The order is appealable. (*Edgecomb* v. *Buckhout*, 146 N. Y. 332; 83 Hun, 168; Code Civ. Pro. § 1346; *Pharis* v. *Gere*, 112 N. Y. 408.) The pleadings present the single question whether the defendant discharged the plaintiff for legal cause. The answer admits the plaintiff was employed for one year. (Code Civ. Pro.

§§ 500, 522; *Teall* v. *C. El. L. Co.*, 119 N. Y. 654; *Potter* v. *Smith*, 70 N. Y. 299; *Hall* v. *U. S. R. Co.*, 30 Hun, 375; 95 N. Y. 648; 96 N. Y. 629; *Conselyea* v. *Swift*, 103 N. Y. 604; *Mayor, etc.*, v. *Fay*, 23 Abb. [N. C.] 390.) No question is presented by the exceptions taken at the trial which justify the order appealed from. (Code Civ. Pro. § 500; *People* v. *M. T. & T. Co.*, 31 Hun, 596; *Astie* v. *Leeming*, 3 Abb. [N. C.] 25; *Fosgate* v. *H. M. & H. Co.*, 12 N. Y. 580; *Jackson* v. *Whedon*, 1 E. D. Smith, 141; *Wait* v. *Borne*, 7 N. Y. S. R. 113; *Van Alen* v. *Vanderpool*, 6 Johns. 69; *Corlies* v. *Cumming*, 6 Cow. 181; *Robertson* v. *Livingston*, 5 Cow. 473; *Leverick* v. *Meigs*, 1 Cow. 645; 1 Parsons on Cont. [6th ed.] 58; *Pierrepont* v. *Barnard*, 6 N. Y. 279; *Carroll* v. *C. O. Ins. Co.*, 1 Abb. Ct. App. Dec. 316.) On the whole case the judgment of the trial court should have been affirmed. (Wood on Master and Servant, §§ 114, 121; *Harrington* v. *F. Nat. Bank*, 1 T. & C. 363; *Jackson* v. *N. Y. P. G. H.*, 6 Misc. Rep. 101; *Olena* v. *Huntington*, 39 N. Y. S. R. 790.)

*Edward L. Jellinek* for respondent. It was error to deny defendant's motion for a nonsuit at the close of plaintiff's case. (*Brady* v. *Cassidy*, 104 N. Y. 147; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *F. Nat. Bank* v. *Dana*, 79 N. Y. 108; *Martin* v. *N. Y. L. Ins. Co.*, 148 N. Y. 121; *Harper* v. *Hassard*, 113 Mass. 187; *Aspdin* v. *Austin*, 5 A. & D. [N. S.] 670; *Dunn* v. *Sayles*, 5 Ad. & El. [N. S.] 684; Story on Agency, § 477; Mechem on Agency, § 205; *Hunt* v. *Rousmanier*, 8 Wheat. 174; *Ward* v. *Ruckman*, 34 Barb. 419; Wood's Master and Servant [2d ed.], § 133.) The answer puts in issue the term of employment. (*Stuber* v. *McEntee*, 142 N. Y. 206.) The uncontradicted facts justified the discharge of the plaintiff. (*Seymour* v. *Wyckoff*, 10 N. Y. 223; *Gray* v. *Shepard*, 147 N. Y. 183; *Turner* v. *Kouwenhoven*, 100 N. Y. 120; *Forsyth* v. *McKinney*, 29 N. Y. S. R. 125; *Roberts* v. *Tobias*, 120 N. Y. 1; *S. O. Co.* v. *A. Ins. Co.*, 79 N. Y. 506; *Hamilton* v. *T. A. R. R. Co.*, 53 N. Y. 25; *Gowdey* v. *Robbins*, 3 App. Div. 353; 9 Misc. Rep. 389.)

HAIGHT, J.  The complaint alleged that, on the 25th day of September, 1886, the plaintiff and defendant entered into a certain contract in writing, whereby the defendant employed the plaintiff to do certain specified work, and agreed to pay him therefor thirty-five dollars a week, from the 25th day of September, 1886, until the 25th day of September, 1887, "as from the said contract, to which this plaintiff asks leave to refer upon the trial of this action, it will more fully and at large appear;" that under and in pursuance of the contract, the plaintiff entered upon his employment and continued in the service of the defendant until the 12th day of January, 1887, on which day, without cause, the defendant discharged the plaintiff from such employment.  The answer admits that the parties entered into a certain contract in writing on the 25th day of September, 1886, and that an agreement supplementary thereto was entered into on the first day of October, 1886.  The defendant then denies that he discharged the plaintiff without cause, but alleges the fact to be that the plaintiff persistently, repeatedly and intentionally violated the contract under which he was employed.  The question submitted to the jury was as to whether the defendant was justified in discharging the plaintiff for cause.  The jury found for the plaintiff.  The judgment was reversed in the General Term, for the reason, as stated in the opinion, that the trial court charged that, under the complaint, it was competent for the jury to award damages for wages which accrued subsequent to the commencement of the action.  Upon the argument in this court it was frankly conceded by the respondent's counsel that the reversal of the judgment could not be sustained upon the grounds stated in the opinion of the General Term. (*Everson* v. *Powers*, 89 N. Y. 527; *Perry* v. *Dickerson*, 85 N. Y. 345; *Weed* v. *Burt*, 78 N. Y. 191; *Howard* v. *Daly*, 61 N. Y. 362.)

Were there other errors committed upon the trial for which the judgment should have been reversed?  It is contended that the defendant's motion for nonsuit, at the close of the plaintiff's case, should have been granted; that there was

nothing in the written contracts providing that the plaintiff should be employed for a period of one year, and that the contracts should have been so construed. Upon an examination of these instruments, no express provision to that effect is to be found. There is, however, a provision in the supplemental contract providing for a notice revoking the plaintiff's employment after the 25th day of September, 1887, from which, we think, the inference must be drawn that it was in the contemplation of the parties that the employment should continue until that time; but, however that may be, it appears to us that this question is disposed of by the pleadings. The complaint, as we have seen, alleges an employment from the 25th day of September, 1886, to the 25th day of September, 1887, "as from the said contract, to which this plaintiff asks leave to refer upon the trial of this action, it will more fully and at large appear." The answer does not in any manner deny this allegation; it does not deny that the employment was for a year; it admits the entering into a contract dated the 25th of September, 1886, and the supplemental contract of October 1st, 1886; it only puts in issue the allegation of the complaint that the plaintiff was discharged without cause. Hence it is evident that the parties have construed the contract by the pleadings framed by them to the effect that the employment was for a year. (*Teall* v. *Consolidated Electric Light Co.*, 119 N. Y. 654.)

It is also contended that the court erred in refusing to charge the jury, in substance, that the plaintiff was guilty of breach of duty as a servant, and that his discharge was justified. We have carefully examined the evidence with reference to each charge of misconduct, and have reached the conclusion that, as to each charge, there was a question for the jury. It is said that the plaintiff improperly refused to allow one Bagg to examine the books showing the condition of the business, but this transaction was explained by him upon the witness stand, and the defendant apparently acquiesced at the time in the plaintiff's position that the books should not be exhibited. Bagg contemplated a purchase of the business

It was for that reason that he wished to examine the books. Under the contract then existing between the plaintiff and defendant, the right to purchase was in the plaintiff, and his option had not at that time expired.

The contract between the parties provided that the plaintiff should make no purchases without the written consent of the defendant. It appears that he subsequently purchased liquors with which to supply the saloon conducted for the defendant by him in his employment. He tells us that, after the written contract had been entered into, the defendant's attention was called to the fact that the stock in the saloon would need replenishing, and that the defendant then authorized him to make the necessary purchases. It is true that this direction was oral, but it was subsequent to the written contract, and it was competent for the parties to modify a written agreement by an oral arrangement.

On one occasion, a sum of money was taken out of the business and paid into a savings and loan institution. We are told with reference thereto that the payment was made under the supposition that the shares in the loan association had, under the assignment, been transferred to the defendant. It subsequently turned out, however, that this was not the case, and evidence was given from which the jury might find that the money so taken had been restored by deductions made from the plaintiff's salary.

Other charges were made, but we have called attention to the most important. Under the evidence, they were properly submitted to the jury, and, inasmuch as the verdict has been affirmed by the General Term in so far as the facts are concerned, the finding is conclusive upon this court.

It follows that the order of the General Term should be reversed and the judgment entered upon the verdict affirmed, with costs.

All concur.

Ordered accordingly.