MANNING v. SEABOARD PAINT CO.

(Supreme Court, Appellate Term.   March 11, 1904.)

1. CONTRACTS—MODIFICATION—BURDEN OF PROOF.
   A party to a written contract, claiming it was modified by a subsequent oral agreement, has the burden of proof.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Frentiss H. Manning against the Seaboard Paint Company.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and Mc-CALL, JJ.

Spencer, Ordway & Wierum, for appellant.
John Murray Mitchell, for respondent.

McCALL, J.   This is an action brought by plaintiff for damages for alleged breach of a written contract of employment.   The plaintiff's Exhibits A and B are couched in such terms as import a complete legal obligation, without any uncertainty as to the object and extent of the engagement, and from them it may be conclusively presumed that the whole engagement of the parties, the extent and manner of their undertaking, were reduced to writing.   By the terms of this contract, the plaintiff was called upon to give his services in the defendant's paint business for at least a term of six months, at a monthly salary of $100, and the mutual obligations and duties of such a position were to be binding on both parties.   The plaintiff entered the service of the defendant in January, 1903, and continued therein until the 1st of April, 1903, a period of three months, when without his consent, and against his protest, the defendant discharged the plaintiff, or at least forced him to sever his connection with the company.   Plaintiff was paid in full for his services rendered under this contract up to April 1, 1903, from which date, and for the ensuing three months of the period fixed by his contract, he was not allowed to nor did he perform any services for the defendant, although he notified them in writing that he held himself in readiness to perform his part of the contract.   For the three-months salary due him under such contract this action was brought, all the above facts were proven on the trial, and thus a prima facie case was made.   The defendant sought to be released from the obligation of the original contract—that is, from such portion of same as would be fixed by the last three months thereof—by endeavoring to prove, first, that the plaintiff was incapable and negligent, and this contention he endeavored to sustain by proof of a meager amount of sales wrought through plaintiff's work during the first three months, and by showing that he disobeyed the orders of the manager to meet him at a stated time, as he (the manager) had directed him to do through a third person.   As a matter of fact, the letter directing the plaintiff to meet defendant's manager, through the negligence of defendant's own employé in misdirecting same, did not reach the plaintiff until two or three days after the time fixed for plaintiff to call, and altogether the evidence to

sustain the contention of negligence and incapability is of such a character that it should be accepted only in the light that the claim was a mere subterfuge to avoid the obligation of the contract. A further defense interposed by the defendant was that by a subsequent oral agreement the terms of the original contract were modified by limiting the time of employment to cover a period of three months instead of six months. While it is perfectly competent for the parties to modify a written agreement by an oral arrangement subsequently entered into (Solomon v. Vallette, 152 N. Y. 147, 46 N. E. 324), still, in our judgment, the defendant did not sustain the burden of proof which the law imposes upon him in support of his contention, and the judgment rendered in this case is clearly against the weight of evidence, and must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.