## LEWIS v. C. E. SHERIN CO.

(District Court, S. D. New York. March 16, 1912.)

CONTRACTS (§ 204*)—DAMAGES (§ 120*)—CONSTRUCTION—OBLIGATION OF PARTIES.

A contract binding defendant to pay plaintiff a weekly salary for five years, in consideration of plaintiff furnishing appropriate paragraphs for advertising purposes of the quality and standard evidenced by a book written and published by plaintiff, and giving defendant the exclusive right to the services of plaintiff for five years, and the exclusive right to use any of the material in the book published, requires plaintiff to furnish paragraphs for advertising purposes of the quality and standard evidenced by the book, and plaintiff, who is ready and willing to carry out the contract and furnish suitable paragraphs, is entitled to recover as damages for breach of contract by defendant the full amount which he would have received under the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 916, 917; Dec. Dig. § 204;* Damages, Cent. Dig. §§ 291–305; Dec. Dig. § 120.*]

At Law. Action by Arthur G. Lewis against the C. E. Sherin Company. Judgment for plaintiff.

Hugh Gordon Miller, for plaintiff.
Joseph P. Bickerton, Jr., for defendant.

HOLT, District Judge. In this case I concur in the opinion of Judge Hough in the memorandum handed down by him, opening the default, in respect to the construction of the contract. By the contract, the defendant agreed to pay the plaintiff a salary of $80 a week for five years, in consideration of the plaintiff furnishing appropriate and acceptable paragraphs for advertising purposes to the extent

of at least 80 per month, or not less than 1,000 per year, if desired by the defendant. The contract also provides that:

"The said paragraphs written by the said second party [the plaintiff] shall be of the same quality and standard as evidenced by his previous work, as written and published in his book entitled 'Stub Ends of Thought and Verse.'"

The effect of this contract was, in my opinion, that the paragraphs furnished would be appropriate and acceptable if they were of the same quality and standard as evidenced by his previous work as written and published in said book. The defendant called upon the plaintiff, after the contract was executed, for paragraphs to be furnished in connection with various advertisements. They were furnished, and at first a very large proportion of them were accepted. Subsequently a very large proportion of those furnished were rejected; but, in my opinion, all of those that were furnished were generally of the same quality and standard as evidenced in the plaintiff's previous work as written and published in his book entitled "Stub Ends of Thought and Verse." The book contains a large number of brief, epigrammatic sentences, mostly in prose, but some in verse, appropriate for use as mottoes or sentiments.

It is obvious that the plaintiff was not employed to write ordinary advertisements; but the idea of the contract was to print, in connection with ordinary advertisements, some brief and catching general sentiment, which would add to the novelty and attractiveness of the advertisement. The contract gave the defendant the exclusive right to the services of the plaintiff for five years, and the exclusive right to use any of the material in the book which he had published, and, so long as the plaintiff was ready and willing to perform the contract on his part, it was binding upon the defendant. After the defendant had paid the plaintiff $80 a week for 10 weeks, it stopped making such payments, and stopped notifying the plaintiff to furnish more material. I think that the defendant at that time was guilty of a breach of the contract, and that the plaintiff has been at all times ready and willing to carry out the contract. The result is that the plaintiff, in my opinion, is entitled to recover, as damages for the breach of the contract, the full amount which he would have received, if it had not been broken. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Weed v. Burt, 78 N. Y. 191.

The amount agreed to be paid by the defendant to the plaintiff under this contract was the sum of $80 per week for five years, which would amount in the aggregate to $20,800. The defendant has paid the plaintiff $800. The plaintiff is therefore entitled, in my opinion, to a judgment for $20,000, the amount demanded in the complaint.