(77 Misc. Rep. 98.)

## COHEN v. LEVY.

(Supreme Court, Appellate Term.   June 21, 1912.)

1. EVIDENCE (§ 445*)—PAROL EVIDENCE—WRITTEN CONTRACT.

> Where a contract of employment sued on was alleged to have been partly in writing and partly oral, parol evidence of the agreement was not objectionable as tending to vary a written contract.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. § 445.*]

2. EVIDENCE (§ 471*)—CONCLUSIONS OF WITNESS.

> Where plaintiff sued on a contract of employment made September 15, 1910, for a period of 12 months, which was admitted by defendant's answer, the fact that plaintiff testified that he was employed "from the 15th of September, one year," and again "from September 15, 1910, to September 15, 1911," amounted to a mere conclusion of the witness that the period covered a year and a day, and that the contract was therefore within the statute of frauds.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

Appeal from City Court of New York, Trial Term.

Action by Gustave Cohen against Morris Levy. From a judgment dismissing the complaint at the close of plaintiff's case, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

L. & I. J. Joseph, of New York City, for appellant.

Myron Sulzberger, of New York City, for respondent.

BIJUR, J. This action was brought for breach of a contract of employment. The contract, set forth in the first and second paragraphs of the complaint, alleges an employment of the plaintiff by the defendant on the 15th of September, 1910, for a period of 12 months. These paragraphs are admitted by the answer through failure to deny the same. Plaintiff's bill of particulars alleges the agreement to have been partly in writing and partly oral; the writing consisting of a previous agreement of the same parties entered into the previous day, and the oral part a supplemental agreement of September 15th.

[1] On the trial, defendant objected to evidence of the oral agreement as tending to vary a written instrument; but the objection was properly overruled, since the agreement sued upon and admitted by the answer was one partly in writing and partly oral. Routledge v. Worthington, 119 N. Y. 592, 23 N. E. 1111.

[2] On cross-examination, defendant's counsel asked plaintiff to state the terms of the contract. Plaintiff answered, "From the 15th of September, *one year.*" He then asked: "From the 15th of September until when?" Answer: "From September 15, 1910, to September 15, 1911." To further questions along the same line the witness repeated similar answers. From a fair reading of these answers, it is quite manifest that plaintiff was merely interpreting in a layman's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

phraseology the contract as he had alleged it in his complaint and his bill of particulars, and as evidenced by a part of the written agreement, namely, "a period of 12 months from the 15th day of September, 1910." On these answers of the plaintiff, however, defendant was permitted, over objection, to amend his answer by pleading the statute of frauds, and on his motion, at the close of plaintiff's case, the complaint was dismissed, on the ground that the contract in evidence was against the statute.

In this the learned trial court erred. The contract as alleged in the complaint, set forth in the bill of particulars, and as admitted by the answer, was not within the statute; and plaintiff's opinion, or interpretation thereof, was unavailing to change it into one the terms of which, as is claimed by defendant, have been interpreted to be for a year and a day, citing Jonap v. Preger, 59 Misc. Rep. 187, 110 N. Y. Supp. 483. Moreover, an examination of the Jonap Case will indicate that it was decided only on the point that the one-year term of the contract there involved was not to begin until the day following the one on which it was made, and that the decision by no means involved an interpretation of phraseology actually or inferentially equivalent to the words "from September 15, 1910, to September 15, 1911." The passage in the opinion (59 Misc. Rep. 189, 110 N. Y. Supp. 484) which it is now claimed indicates that such language would cover a period of a year and a day does not justify that inference, and, furthermore, was purely obiter. I should be reluctant to hold that as matter of law the phrase in a contract "from September 15, 1910, to September 15, 1911," covers a year and a day, rather than a year. See, also, Solomon v. Vallette, 152 N. Y. 147, 46 N. E. 324.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.