ALFRED J. HIGGINS AUTOMOBILE CO., INC., Appellant, *v.* STANLEY MOTOR CARRIAGE COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, October, 1922.

Sales — contract for sale of automobiles — construction of agreement — rescission of contract — when purchaser entitled to discount.

Where by a written contract to represent and sell the products of defendant, a manufacturer of automobiles, the plaintiff, a dealer, agreed to give defendant an order for twenty-five cars to be shipped at stated intervals and the defendant agreed to allow a discount upon all cars purchased beginning with the fourth, the plaintiff is not entitled under any circumstances to a discount on the first three cars.

A further provision of the contract that " the manufacturer shall bill cars to the dealer at the regular initial discount of 20% and whenever the dealer's purchases shall entitle him according to the above schedule to a higher discount, further cars purchased shall be billed to him at such higher discount and he shall be credited as applying to all cars previously purchased by him under this contract with the difference between such higher discount and the total discount earned prior thereto," plainly related only to allowing to the plaintiff the higher discount on all cars if he took a large number of them during the period covered by the agreement, and the phrase " the manufacturer shall bill cars to the dealer at the regular initial discount of 20% " cannot by construction have reference to the first three cars.

The plaintiff in conformity with the contract deposited $3,000 with defendant and took delivery of the first car which was charged to him at the list price, which plaintiff paid, less twenty per cent, plus war tax, less $250 deposit. In a letter announcing the termination of the contract the defendant wrote: " We will, of course, expect you to pay list price on the single car you purchased just as in the case of any other retail sale, and we will return the balance of your deposit less any other unsettled items on account which may be due us." To which plaintiff replied: " We really believe that the car which we have had should remain billed to us at the discount price, and will thank you to please send us check." In an action to recover the balance of the deposit defendant's counterclaim for the difference between the list price and the discount price upon the car was allowed. *Held*, error, calling for the reversal of the judgment entered upon a verdict in favor of plaintiff, and granting a new trial.

**396**  Higgins Auto. Co., Inc., *v.* Stanley Motor Carriage Co.

Appellate Term, First Department, October, 1922.        [Vol. 119

The sale of the car was either a separate transaction outside of the contract or else an executed bilateral contract by which to that extent the executory agreement between the parties was validly modified, and defendant was not entitled to recover the discount voluntarily allowed.

Appeal by plaintiff from a verdict directed in its favor in the amount of $278 in the City Court of the city of New York.

*May & Jacobson (Isaac N. Jacobson,* of counsel), for appellant.

*Arthur F. Gotthold (Walter W. Gross,* of counsel), for respondent.

Bijur, J.  The direction involved the allowance of a counterclaim in defendant's favor of $748 under the following circumstances:  Plaintiff, an automobile dealer, made a contract to represent or sell the product of the defendant, a manufacturer, under a written agreement dated December, 1919.  Plaintiff, designated as the dealer, agreed to give defendant, designated as the manufacturer, an order for twenty-five cars to be shipped at stated intervals.  The manufacturer agreed to allow the dealer a discount upon all cars purchased as follows:  Twenty per cent on the fourth to the ninth car; twenty-two and one-half per cent on the tenth to twenty-fourth car and twenty-seven per cent on twenty-five cars and upward.  The contract further provided: " The manufacturer shall bill cars to the dealer at the regular initial discount of 20% and whenever the dealer's purchases shall entitle him according to the above schedule to a higher discount, further cars purchased shall be billed to him at such higher discount and he shall be credited as applying to all cars previously purchased by him under this contract with the difference between such higher discount and the total discount earned prior thereto."

The dealer, in conformity with the contract, deposited $3,000 with the manufacturer, and shortly after the contract was entered into took delivery of the first car which was charged to him as follows:

Price, $3,740, less 20%, $748 = $2,992 + war tax, $149.60 = $3,141.60, less deposit $250 = $2,891.60, which latter balance the dealer paid.  Subsequently some disagreement arose and the contract was either rescinded by mutual consent or by one party for the default of the other — the precise circumstance being wholly immaterial to the present issue.  In a letter announcing the termination of the contract the manufacturer wrote:  " We will, of course, expect you to pay list price on the single car you purchased just as in the case of any other retail sale, and we will return the balance of your deposit less any other unsettled items on account which may be due us."

To which the dealer replied:  " We really believe that the car

which we have had should remain billed to us at the discount price, and will thank you to please send us check."

Plaintiff brought this action for the balance of its deposit. Defendant counterclaimed, among other items, for the difference between the list price and the discount price on this car, and the allowance of this counterclaim by the learned judge below is the reason for the present appeal.

The contending counsel concede that there is no question of fact involved. They differ only on the rule of law to be applied, which to me seems to be, however, quite clear. Under the agreement it is plain that plaintiff was not entitled to any discount under any circumstance on the first three cars to be purchased by it, and, therefore, of course, not entitled to the discount on the car now involved in controversy. The language of the contract is unequivocal in that regard, provision being made for a discount only on cars beginning with the fourth purchased. The subsequent provision as to discount plainly relates only to allotting to the dealer the higher discount on all cars if he takes a large amount of cars during the period covered by the agreement. The phrase "The manufacturer shall bill cars to the dealer at the regular initial discount of 20%" cannot by any construction have reference to the first three cars to which no discount applied under any circumstances. When, therefore, the defendant chose to sell to the plaintiff this first car at a discount of twenty per cent, which sale was accepted and consummated, it was either a separate transaction outside of the contract or else an executed bilateral contract which to that extent validly modified the then existing executory agreement between the parties. *Solomon* v. *Vallette*, 152 N. Y. 147, 151; *McCreery* v. *Day*, 119 id. 1, 9; *Coe* v. *Hobby*, 72 id. 141; *Moody* v. *Smith*, 70 id. 598, 600. From another aspect it may properly be regarded as a completed gift to the plaintiff of the amount of the discount. *Gray* v. *Barton*, 55 N. Y. 68; *McKenzie* v. *Harrison*, 120 id. 260, 263. In other words, the first sale became a closed transaction. When the contract was terminated appellant claims that it left the parties in *statu quo*. The respondent, however, urges that the language of Judge Andrews in *McCreery* v. *Day*, *supra*, at page 5, applies: "Where a contract is rescinded while in the course of performance, any claim in respect of performance, ' or of what had been paid or received thereon, will ordinarily be referred to the *agreement of rescission* and in general no such claim can be made unless expressly or impliedly reserved upon the rescission.'"

Respondent's counsel continues: "Applying this principle it is obvious that defendant expressly reserved its claim for the return

of the discount allowed." (Referring to the passage in defendant's letter which I have quoted hereinabove.)

He omits, however, to refer to the corresponding passage in plaintiff's letter which declined to accede to that understanding. In this respect, therefore, no agreement of rescission was reached. This discussion appears to be based by both parties on the assumption that the agreement was rescinded by mutual consent. I have said that it is immaterial whether that be so or not because defendant put forward no counterclaim for damages. I see, therefore, no ground upon which defendant was entitled to recover the discount voluntarily allowed.

I may add that there is not the slightest suggestion in either pleadings, proof or brief that any relief is sought on the ground of mistake.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

GUY and MULLAN, JJ., concur.

Judgment reversed.