NICHOLAS ILLICH, Appellant, *v.* GEORGE C. LIEBERS, Individually and as Executor and Trustee of the Estate of CHRISTIAN LIEBERS, Deceased, and BELLA JORN, Executrix and Trustee of the Estate of Said CHRISTIAN LIEBERS, Deceased, Respondent.

Supreme Court, Appellate Term, First Department, April 15, 1926.

Brokers — real estate broker — action for commissions — evidence showing defendant agreed to pay plaintiff commission predicated on so much of purchase price as exceeded $9,500 warrants finding that plaintiff made out prima facie case.

In an action by the plaintiff, a broker, for commissions upon the sale of defendant's premises, plaintiff made out a *prima facie* case as to whether or not he procured, at defendant's request, a purchaser who thereafter entered into a written contract with the defendant for the purchase of the premises, where the proof indicated an agreement on the part of the defendant to pay plaintiff a commission predicated upon so much of the purchase price as exceeded $9,500.

The fact that plaintiff's understanding of the contract as distinguished from the contract evidenced by the facts testified to on the trial, appears inconsistent with such facts, while a proper subject of consideration by the jury, does not, as a matter of law, destroy plaintiff's *prima facie* case.

APPEAL by plaintiff from judgment of the Municipal Court of the City of New York, Borough of The Bronx, Second District, dismissing the complaint at the close of plaintiff's case.

*Abraham M. Schwartz*, for the appellant.

*Owen S. M. Tierney*, for the respondent.

PER CURIAM. On the issue whether plaintiff, broker, at defendant's request procured the purchaser, who thereafter entered into a written contract with the defendant for the purchase of the premises, plaintiff made out a *prima facie* case. The facts testified to by plaintiff indicated an agreement on the part of the defendant to pay plaintiff for commission so much of the purchase price as exceeded $9,500, and although plaintiff's understanding of his contract, as distinguished from the contract evidenced by the facts testified to, seems inconsistent with such facts and the claim specified in the bill of particulars, such inconsistency, while a proper subject of consideration by the jury, does not as matter of law destroy the plaintiff's *prima facie* case. (*Ochs* v. *Woods*, 221 N. Y. 335; *Mussen* v. *White*, 16 N. Y. Supp. 951; *Stocking* v. *Seed Filter & Mfg. Co.*, 155 id. 195; *Nicolls* v. *Lyons*, 144 id. 19; *Cohen* v. *Levy*, 77 Misc. 98.)

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LYDON and LEVY, JJ.