JOHN CHERRY, Appellant, v. NORTH SIDE TRUCKING CO., INC., and Another, Respondents.

Supreme Court, Appellate Term, First Department, January 26, 1927.

Motor vehicles — collision — plaintiff's automobile was damaged by combination of circumstances in which both owner of another automobile and trucking company were involved — plaintiff called said owner and chauffeur for trucking company as witnesses but each blamed other — dismissal of complaint as to owner on ground plaintiff was concluded by his evidence that fault was trucking company's, error — plaintiff was entitled to have jury weigh all testimony.

In an action by the plaintiff to recover for damages to his automobile arising from a combination of circumstances in which both the owner of another automobile and a trucking company were involved, the dismissal of the complaint as to

the owner of the other automobile and the submission of the case to the jury as against the trucking company, on the ground that the plaintiff, who called as his witnesses the owner of the automobile and the chauffeur of the trucking company, each of whom placed the blame upon the other, was concluded by the evidence of the owner that the fault was the trucking company's, was so inconsistent and confusing as to require a new trial; it would seem to have followed logically that the complaint should have been dismissed as to the trucking company on the ground that the plaintiff was equally bound by the testimony of the company's chauffeur.

As a matter of fact, plaintiff was entitled to have the jury weigh the testimony of all the witnesses, however contradictory, so that it might determine what the actual facts were.

APPEAL by plaintiff from a judgment of the City Court of the City of New York dismissing the complaint as to the defendant Morio, and from a judgment in favor of the corporation defendant, entered upon the verdict of a jury.

*Abraham M. Schwartz* [*Samuel Deutsch* of counsel], for the appellant.

*James A. Nooney* [*William A. R. Keyes* of counsel], for the respondent North Side Trucking Co., Inc.

*Berger & Hartman* [*Maxwell Shapiro* of counsel], for the respondent Noit Morio.

PER CURIAM. Plaintiff sues for damages to his automobile which was lawfully parked close to the sidewalk. The damage was caused by a combination of circumstances in which both defendants were involved.

Plaintiff called as two of his witnesses defendant Morio, who was driving his own car, and the chauffeur of the trucking company's car. Each put the blame upon the other. Upon motion of counsel, who appeared for both defendants, the complaint was dismissed as to the defendant Morio, apparently on the ground that plaintiff was concluded by Morio's evidence that the fault was the trucking company's. It would seem to have followed logically that it should have been dismissed as to the trucking company on the ground that plaintiff was equally bound by the testimony of the trucking company's chauffeur. Of course plaintiff was, in the sense in which that word was used, not " bound " by the testimony of any witness but was entitled to have the jury weigh the testimony of all the witnesses however contradictory and determine what the actual facts were. (*Illich* v. *Liebers,* 127 Misc. 148; *Gelb* v. *Third Ave. R. Co.,* 123 id. 136.) The dismissal of the complaint as against Morio was, therefore, error and the submission of the case to the jury as against the trucking company after dismissal as to the defendant Morio was so inconsistent and

confusing as to require a new trial of the entire case in the interest of justice.

Judgment reversed and a new trial granted, with costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and CRAIN, JJ.