LEE A. OCHS, Appellant, *v.* ALBERT H. WOODS, Respondent.

Appeal — action for deceit and false representations — construction of statement in order of the Appellate Division .that " the facts have been examined "— conflict of statements in direct examination and cross-examination for the jury to determine — facts examined in action for deceit and held that it was error to reverse judgment entered on verdict of a jury.

1. The statement in an order of the Appellate Division that the facts have been examined does not import either the approval or disapproval of them as found by the jury.

2. Where a witness makes one statement in the course .of the direct examination and a contradictory statement on the cross-examination, there is a conflict in the evidence to be disposed of by the jury.

3. This action is to recover the damages sustained by the plaintiff through the alleged deceit of the defendant in inducing the plaintiff to accept another, in the place of the defendant, as owing him commissions for his services in securing a tenant of real estate. The trial resulted in a verdict in favor of the plaintiff. The Appellate Division reversed the consequent judgment and the order denying defendant's motion for a new trial, and dismissed the complaint. *Held,* that the evidence warranted its submission to the jury and that the Appellate Division erred in dismissing the complaint.

*Ochs* v. *Woods,* 160 App. Div. 740, reversed.

(Argued May 16, 1917; decided October 2, 1917.)

APPEAL from a judgment entered March 2, 1914, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Frankel* and *David Cohen* for appellant. A good cause of action for fraud and deceit was alleged in the

complaint and the evidence adduced at the trial sustains the verdict rendered by the jury. (*Brackett* v. *Griswold,* 112 N. Y. 454; *Becker* v. *C. L. Ins. Co.,* 153 App. Div. 382; *King* v. *Leighton,* 22 Hun, 419; *Clark* v. *Rankin,* 46 Barb. 570; *Laska* v. *Harris,* 215 N. Y. 554; *Ettlinger* v. *Weil,* 94 App. Div. 291; *Kley* v. *Healy,* 127 N. Y. 555; *King* v. *Livingston,* 60 So. Rep. 143; *Yanelli* v. *Littlejohn,* 137 N. W. Rep. 723; *Wotsheck* v. *Neumann,* 138 N. W. Rep. 1000; *Howell* v. *Wyatt,* 168 Ill. App. 651.) There were questions of fact for the jury and, therefore, the Appellate Division erred in dismissing the complaint. (*Middleton* v. *Whitridge,* 213 N. Y. 499; *Faber* v. *City of New York,* 213 N. Y. 411; *Haight* v. *Hoyt,* 19 N. Y. 464; *Taylor* v. *Guest,* 58 N. Y. 262; *Henn* v. *Douglass,* 147 App. Div. 473; *Benton* v. *Kuykendall,* 160 S. W. Rep. 438; *Noyes* v. *Meharry,* 213 Mass. 598; *Schauer* v. *Bodenheim,* 150 Wis. 550.)

*Nathan Burkans* for respondent. The plaintiff failed to establish the cause of action alleged in the complaint, or any cause of action, and the reversal of the judgment and dismissal of the complaint were proper. (*Arthur* v. *Griswold,* 55 N. Y. 410; *Becker* v. *C. L. Ins. Co.,* 153 App. Div. 382; *Powell* v. *Linde Co.,* 58 App. Div. 261; 171 N. Y. 675; *Taylor* v. *Guest,* 58 N. Y. 266; *Hotchkiss* v. *T. N. Bank,* 127 N. Y. 329; *Prentiss Tool Co.* v. *Schrimer,* 45 N. Y. S. R. 20; *O'Neill* v. *Kopke,* 170 App. Div. 604; *Matter of Case,* 214 N. Y. 203; *Jewell* v. *Parr,* 13 C. B. 915.) The dismissal of the complaint was proper. (*Bullock* v. *N. Y. C. & H. R. R. R. Co.,* 213 N. Y. 694; *Peterson* v. *O. E. R. Co.,* 214 N. Y. 44; Cardozo's Juris. Ct. App. § 19; *Brennan* v. *City of New York,* 123 App. Div. 7; *Middleton* v. *Whitridge,* 213 N. Y. 505; *Hotchkiss* v. *T. N. Bank,* 127 N. Y. 337.)

COLLIN, J. The action is to recover the damages sustained by the plaintiff through the alleged deceit of

the defendant. The deceit, as charged, induced the plaintiff to accept another, in the place of the defendant, as owing. him commissions for his services in securing a tenant of real estate. The trial resulted in a verdict in favor of the plaintiff. The Appellate Division, by its order of May 22, 1914, unanimously reversed the consequent judgment and the order denying defendant's motion for a new trial, and dismissed the complaint. The order stated that the facts had been examined and it appeared that the plaintiff failed to establish (1) that he earned any commission from the defendant, and (2) that he relied upon the representations made by the defendant. We decide that the evidence here warranted the submission of it to the jury and the Appellate Division erred in dismissing the complaint.

The evidence enabled the jury to find: In February, 1911, the defendant requested the plaintiff to procure a tenant, for a term of years, for the Brooklyn Court Theatre, at designated terms, and agreed to pay him for his commission in procuring the tenant sixty-two and one-half per cent of the excess of rent over the sum of fifteen thousand dollars received per year during the period of the lease, and to execute upon plaintiff's request the agreement in writing. The plaintiff, acting upon such request, secured a person who was willing to become the tenant at the designated terms, and demanded before he revealed the identity of the person that the defendant execute the agreement in writing. The defendant then told him that the theatre was owned and would have to be leased by a corporation, the majority of the stock of which defendant owned and of which he was president, and plaintiff would have to accept the written agreement of the corporation, instead of the defendant, to pay the commissions. He declined to deal with the corporation and stated that he wanted a paper whereby he knew he would be paid. The defendant then stated, in effect,

to him that the corporation was solvent, had a surplus, was not in debt, was absolutely responsible and would pay him. The plaintiff thereupon accepted the written agreement of the corporation and disclosed to the defendant and the corporation the identity of the person willing to become the tenant, with whom the corporation entered into the lease at the designated terms, which have been fulfilled. The corporation was at the time in fact insolvent and did not and was unable to pay the plaintiff the commissions.

The essential constituents of the action are tersely and adequately stated as representation, falsity, *scienter*, deception and injury. (*Arthur* v. *Griswold*, 55 N. Y. 400; *Brackett* v. *Griswold*, 112 N. Y. 454; *Urtz* v. *New York Central & H. R. R. R. Co.*, 202 N. Y. 170; *Nash* v. *Minnesota Title Ins. & Trust Co.*, 163 Mass. 574.) There was, obviously, evidence sufficient in law to authorize the jury to find representation, falsity and *scienter*. The respondent asserts and argues that there was not any evidence of deception or injury.

If there was evidence that the plaintiff was influenced by the misrepresentation, the jury could have found that there was deception. It is incumbent upon a plaintiff in an action for deceit through false representations to show that he was influenced by them. It does not require very strong proof to establish it. In most cases, it may be inferred from the circumstances attending the transaction. (*Taylor* v. *Guest*, 58 N. Y. 262; *Fottler* v. *Moseley*, 179 Mass. 295.) A false representation is not cognizable by the law as deceit unless it is believed and relied upon as an inducement to action. If the misrepresentations contributed to the formation of plaintiff's determination to accept the promise of the corporation, they were deceiving, although other inducements may have participated. The plaintiff in cross-examination testified, in substance and effect, that it would have been

a great mistake for him to have disclosed to the defendant the name of the person he had secured as tenant until defendant had given him the written statement of the agreement between them as promised; that he did not take defendant's word for anything, did not believe anything defendant told him, he knew defendant was a theatrical man and that such men are not worthy of much belief; " Q. And anything they say is a matter that no credence can be placed upon at all? A. I don't say that regarding anybody. Q. But regarding Woods, he was a man who was not worthy of belief? A. Well, I don't know; that is his reputation. * * * Q. But you think that when Woods asked you to reveal the name of the tenant, he would have cheated you, if he could? A. No. I wouldn't say that he would if he could. * * * Q. You saw to it that a lawyer looked over these papers? A. Surely. Q. You did not trust Woods himself, you did not take his word for anything he told you? A. No. Q. You wanted your lawyer to pass upon it? A. Absolutely." He had testified upon his direct examination that when the defendant told him that the theatre was owned by a corporation he stated that he had no dealings with the corporation; that in response to the statement of defendant that he would have to deal with the corporation and not with the defendant, he said, " Well, how do I know that this here Brooklyn Court Theatre Company will pay me? " that thereupon the defendant made the statements descriptive of the financial standing and condition of the corporation and after those statements were made he signed the agreement with the corporation, and further, " Q. When Mr. Woods made those statements to you regarding the financial condition of the Brooklyn Court Theatre Company, did you believe his statements to be true? A. Absolutely so. Q. And as a result of that belief you signed the exhibit, plaintiff's exhibit 3? A.

Yes, sir." The answers elicited on cross-examination cannot be deemed, as a matter of law, a retraction or correction of the statements made in the direct examination. They sprang from a cross-examination concerning the unwillingness of the.plaintiff to reveal the identity of the person obtained as the tenant before the defendant had signed the written agreement to pay the commissions. They may have been made without any relation in the · plaintiff's mind to the misrepresentations of the defendant, to which the attention of the plaintiff was not then called. The circumstances attending the acceptance by the · plaintiff of the agreement of the corporation conflicted with them. It is a case of a witness making one statement in the course of the direct examination and contradicting statement in the cross-examination. There was a conflict in the evidence to be disposed of by the jury. (*Tierney* v. *Boston Elevated Railway Co.*, 216 Mass. 283; *Donovan* v. *Chase-Shawmut Co.*, 205 Mass. 248; *Lury* v. *N. Y., N. H. & H. R. R. Co.*, 205 Mass. 540.)

The jury might reasonably have found also that the deceit caused damage to the plaintiff. In their permissible findings as already stated are the elements essential to a legal right enforcible by the plaintiff. The defendant promised plaintiff at the outset that the agreement should be evidenced by an executed writing. The promise created a right in plaintiff and an obligation on the part of defendant. Moreover, the jury might well have found that his unwillingness to tell who was to be the tenant had no part in the refusal of defendant, the false representations and the agreement with the corporation. The defendant did not make the disclosure of the person a condition precedent to any decision or action on his part or an element in the right of plaintiff. Through the deceit, plaintiff abandoned his legal right for its nearly valueless substitute. Deceit and injury concurred. The basic principle underlying all rules for

the measurement of damages for deceit is indemnity for the actual loss sustained as the direct result of the wrong. The question is what was the value of that with which plaintiff parted and what was the value of that which he received? (*Urtz* v. *New York Central & Hudson River R. R. Co.*, 202 N. Y. 170; *Krumm* v. *Beach*, 96 N. Y. 398; *Smith* v. *Bolles*, 132 U. S. 125.) The evidence warranted the finding of the jury that the plaintiff established the cause of action within the allegations of the complaint, and the Appellate Division erred in dismissing the complaint. Neither upon the trial nor here does the defendant question the correctness of the charge to the jury relating to the measure or amount of the damages, if any were recoverable. The statement in the order of the Appellate Division that the facts have been examined does not import either the approval or disapproval of them as found by the jury.

The judgment should be reversed and the case remitted to the Appellate Division for its consideration of the facts, with costs.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.