THE CONTINENTAL INSURANCE COMPANY and Another, Plaintiffs,
    v. JOSEPH MERCADANTE and Others, Defendants.

Supreme Court, New York County, December 30, 1925.

Fraud — action for damages arising from failure of defendant trust company to advise plaintiffs as to actual value of certain bonds of corporation — complaint insufficient for failure to allege that defendants, with knowledge plaintiffs intended to sell said bonds, induced them to retain them.

The complaint in an action to recover damages for fraud and deceit arising from the failure of defendant trust company to advise plaintiffs as to the actual value of certain bonds of a corporation, purchased through said trust company, should be dismissed for insufficiency, where, though alleging that had plaintiffs known the actual financial status of the corporation, making said bonds valueless, they would have sold them on the open market for about the cost thereof, it failed to set out that the plaintiffs intended to sell the bonds at or about the time they received various statements which they claim to be fraudulent, that the defendants knew that plaintiffs intended to sell the bonds or that the false and fraudulent statements as to the financial condition of the corporation issuing the bonds were made with that knowledge in mind for the purpose of inducing plaintiffs to retain the bonds.

MOTION made in behalf of the defendants Krech, Adams and the Equitable Trust Company of New York to dismiss the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

*M. E. Harby*, for the plaintiffs.

*Bigham, Englar & Jones* [*D. Roger Englar* and *Charles F. Quantrell* of counsel], for the defendant Joseph Mercadante.

*Murray, Aldrich & Roberts* [*William Dean Embree* and *Otey McClellan* of counsel], for the defendants Krech and others.

LEVY, J. It appears that during the latter part of October, 1919, the Green Star Steamship Corporation, referred to by the pleader as the " Green Star Company," authorized the creation of an issue of five-year seven per cent marine equipment serial first mortgage coupon bonds to be dated as of October 15, 1919, in an amount not exceeding the sum of $4,500,000, to be issued in certain denominations, all of which were to be payable in ten equal semi-annual installments of $450,000 each on dates fixed. With a view of securing the payment of the principal and interest upon the said bonds, the aforenamed steamship company made and executed to the defendant trust company as trustee an indenture of first mortgage conveying to the latter all its right, title and interest in and to certain steel steamships.

The complaint sets forth four causes of action. As to the first and third, it appears that in November, 1919, each of the plaintiffs purchased of the defendant trust company certain bonds of the Green Star Company, of the face value of $100,000. Prior to this event the plaintiffs received the usual circular issued by banking houses which underwrite such bond issues. In connection with these causes, there is no claim that this original statement was false in any respect, or that the plaintiffs were induced to purchase the bonds by reason of any untrue or fraudulent representations. On or about January 20, 1920, and while the plaintiffs were the owners of the bonds, they received a circular memorandum which was a condensed statement of the earnings of the Green Star Company for the period of five months ending December 31, 1919. It is charged that this statement was sent by the defendant trust company and that the individual defendants who had knowledge of its contents participated in communicating the same. It is alleged that it was false and fraudulent in a number of particulars which are specified. About the month of October, 1920, certain of these bonds matured; they were redeemed and accrued interest was paid; but subsequently thereto and on or about April 15, 1921, the obligor defaulted in the payment of principal and interest on other of the bonds which then became due. In the intervening period, it is alleged, certain statements were sent by the defendants to the plaintiffs from time to time, which in certain respects were also false and fraudulent. It is further claimed that prior to this default of the Green Star Company, its income was insufficient to meet its current obligations and necessities; that the defendants well knew the situation but did not advise the plaintiffs thereof; that had each of the plaintiffs been so advised " it would not have retained " the bonds as an investment, but " would have sold them " in the open market for about the cost. Thereafter, and in September, 1922, the steamship company was reorganized and the plaintiffs surrendered the bonds which they then held, each of the par value of $80,000, and received in exchange therefor voting trust certificates representing 770 shares of stock of the Planet Steamship Company. It is now claimed that these securities are worthless.

The pleading under consideration alleges, hypothetically, that the plaintiffs " could have sold " their bonds and received a sum about equal to what they had paid for them and that they " would have sold " the same if they had known that the statement of January 20, 1920, and the other statements sent from time to time were indeed false in the particulars referred to. Damages are sought in the sum of $67,776.41, the face value of the unpaid bonds.

In view of the conclusion which I have reached, it seems to be unnecessary to consider the question suggested in the briefs as to whether the plaintiffs have not waived any claim for damages in fraud by reason of their failure to assert a claim or take any action in respect thereto for a considerable period of time after the alleged fraudulent statements were actually received. There was a default in some of these bonds in April, 1921, but the statements complained of were obviously sent long before that time. More than a year after the default of April 15, 1921, the plaintiffs saw fit to surrender their bonds in exchange for the voting trust certificates. As to whether there was a waiver by reason of these facts, I do not deem it necessary to decide.

The action, it thus appears, is to recover damages for fraud and deceit. The essential constituents of such a cause have tersely and adequately been stated as representation, falsity, scienter, deception and injury. (*Ochs* v. *Woods*, 221 N. Y. 335.) There is no allegation in the complaint that the plaintiffs intended to sell the bonds at or about the times when they received the various statements claimed to be fraudulent, or that the defendants knew that the plaintiffs intended to sell such bonds, or that the false and fraudulent statements were made with that knowledge in mind and for the purpose of inducing the plaintiff to hold the bonds instead of disposing of them. The defendants cannot be liable in fraud unless they knew that the plaintiffs intended to dispose of the bonds and by false representations induced them not to so sell. The allegations with respect to some of these matters are made seemingly upon the hypothesis, as the plaintiffs apparently claim now, that if they had known in 1920 that such statements were false, they would have sold the bonds.

A false representation is not cognizable by the law as deceit unless, in addition to the other essentials, it is relied upon as an inducement to action, conduct or the failure thereof, and in this regard the pleading is silent. The first cause of action is, therefore, insufficient and the third is subject to the same criticism. The second and fourth causes of action respectively consist of a reiteration of the allegations of the first and the third likewise respectively, but each adds a blanket allegation that the statements of the original circular which was published in the New York *Times*, as well as the subsequent statements, were " untrue." It is difficult to ascertain the theory upon which these causes are predicated. If it be that recovery is contended for because the plaintiffs retained the bonds as an investment when they might have sold them without loss, it is certainly subject to the criticism which I have indicated with reference to the other causes of action. Obviously,

no new allegations are furnished which might have the tendency to cure the defects in the others. If, on the other hand, these causes depend upon the falsity of the original statement, the pleading is defective because there is no allegation that the original purchase was induced by this statement. Aside from the mass of evidentiary and immaterial matter pleaded, there are allegations regarding the falsity of the statements and representations which were made after the purchase, but this appears quite immaterial, for they were not the inducing cause of the original purchase. In any event, the court should not be called upon to separate the good from the bad.

The motion to dismiss the complaint will, therefore, be granted with leave to the plaintiffs to serve an amended complaint within twenty days upon proper payment of costs. Settle order.