Amelia Scherer Karscher, Respondent, *v.* Jacob F. Dewald, Appellant.

First Department, December 27, 1935.

*Richard S. Joseph* of counsel [*Guggenheimer, Strasser & Meyer,* attorneys], for the appellant.

*L. E. Schlechter,* for the respondent.

O'MALLEY, J. The question presented is whether the plaintiff produced sufficient evidence to justify a verdict in her favor on her first cause of action. This cause as pleaded sets forth that the defendant for the purpose of inducing plaintiff to purchase from the defendant $3,000 face amount of the city of Tampa, Fla., five and one-half per cent municipal trust ownership certificates due 1932, represented to her that they were a direct lien on the property of the city of Tampa, were guaranteed as to principal and interest by the said city and were reasonably worth $3,000.

By her bill of particulars the plaintiff stated that the representations were written and were contained in a letter from the defendant to her dated April 14, 1927, which letter, so far as material, reads:

" In re-investment of these funds I have reserved for you

" $3,000 of the City of Tampa, Florida 5½% Municipal Trust Ownership Certificates due 1932. I have selected these Certificates in preference to the City of Tulsa, about which I wrote to you before, inasmuch as besides their being a direct tax lien on all property improved, they are also guaranteed principal and interest by the City of Tampa itself.

" I consider these Certificates an exceptionally good investment with only five years to run."

The bill further stated: " 2. The representation that the said bonds were a direct lien," was false.

At the trial, however, without objection the bill was amended so as to make the second paragraph thereof read: " The representations that the said bonds were a direct lien on all property improved and that they were also guaranteed as to principal and interest by the City of Tampa itself."

The essential elements of a fraud action at law are representation, falsity, scienter, deception and injury. (*Ochs* v. *Woods,* 221 N. Y. 335, 338.) With respect to deception, evidence is required to show that the plaintiff was influenced by the misrepresentation. (*Ochs*

v. *Woods, supra.*) It is not essential that the misrepresentation should have been the exclusive inducing cause, but if the plaintiff would not have acted " except for such representations, there is such a reliance thereon as entitles her to maintain the action." (*Strong* v. *Strong,* 102 N. Y. 69, 74, 75.)

We are of opinion that any finding the plaintiff would not have entered into the transaction set forth in the first cause of action except for the representations made by the defendant is contrary to the evidence. Concededly the representations in the letter were untrue. The certificates were not a direct lien on all property improved but were an undivided *pro rata* interest in a guaranteed lien in the possession of a trustee. Furthermore, they were not guaranteed as to principal and interest by the city of Tampa itself. The city had merely guaranteed collection.

The plaintiff met the defendant through her attorney, and on his recommendation she requested the defendant to invest certain funds. She had no knowledge or experience in stock or bond transactions, and in making purchases and sales concededly relied upon the defendant who was experienced. Thereafter numerous transactions were had including the one here in question.

On direct examination the plaintiff testified that she had authorized this purchase in reliance upon the representations contained in the letter. It is to be noted, however, that when the letter was written the certificates had already been purchased and reserved for her.

Upon cross-examination she testified specifically that all purchases she had made were upon the recommendation of the defendant, likewise all sales. She made no purchases or sales of bonds during the period in question aside from instructions received by the defendant. She further testified that had the defendant advised her the next day to sell these certificates she would have done so as she relied upon his *judgment;* that as a matter of fact in *all* her purchases and sales she relied on defendant's *judgment.* To the specific question that " the thing * * * relied upon in *any* purchase or sale " was defendant's *opinion,* she answered affirmatively. Concededly she had purchased other securities of like nature which, however, had not been guaranteed, even with respect to collection. Though recalled for further examination she in no way changed these answers given on cross, nor repeated her testimony upon her first direct that she had relied upon the representations.

Under such circumstances we are of opinion that the plaintiff in authorizing the purchase of the securities here in question relied, not upon the representations contained in the letter, but upon the

defendant's judgment or opinion. The answers elicited on cross-examination were tantamount to a retraction or correction of the statements made upon direct. They were not merely contradictory statements which would give rise to a conflict in the evidence, as was the case in *Ochs* v. *Woods* (*supra*, p. 340).

It follows, therefore, that the judgment in so far as appealed from should be reversed, with costs to the appellant, and the first cause of action dismissed, with costs.

McAVOY, MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment so far as appealed from reversed, with costs, and the first cause of action dismissed, with costs.