MERVYN ROBITZEK, Respondent, *v.* RELIANCE INTERCONTINENTAL CORP., Appellant.

First Department, March 24, 1959.

*Eugene L. Bondy* of counsel (*Bertram Braufman* with him on the brief; *Bondy & Schloss,* attorneys), for appellant.

*Chester A. Lessler* for respondent.

*Per Curiam.* The defendant appeals from that portion of an order which denied its motion for summary judgment dismissing the two causes of action set forth in the complaint. The part of the order from which no appeal is taken granted defendant's request for leave to serve a supplemental and amended answer. The proposed new pleading contained three separate defenses which are the basis of defendant's claim that the complaint should be dismissed.

The complaint alleges breach of a written contract of employment whereby plaintiff was hired by defendant as its manager for a period of two years to commence on the day plaintiff left this country for Hong Kong. Some six weeks after such commencement of employment, plaintiff alleges that he was unjustifiably discharged. The original answer, among other things, presented various defenses alleging that plaintiff failed to competently perform his duties; that he conducted himself in an improper manner and entered into a scheme to make it appear that he was incapable physically and mentally of performing his duties. It is conceded by the defendant that these several defenses raise triable issues.

It appears in the affidavits presented upon the motion that in negotiations prior to the making of the contract plaintiff had represented in writing to defendant that he had a bachelor of science degree in business administration and a master's degree in retailing. The moving papers further disclose that during pretrial examinations defendant discovered that plaintiff did not have such degrees.

The defendant then moved to serve an amended answer to set forth the three additional separate defenses to which reference has been made. These defenses alleged the representations made as to the scholastic degrees; that the representations were false and that defendant relied thereon and was thereby induced to employ plaintiff. It is further alleged that the representations were made in violation of section 939 of the Penal Law and section 224 of the Education Law. Upon these alle-

gations defendant pleads that the contract is unenforcible and the alleged termination of employment was justified.

The plaintiff in his answering affidavits did not directly contradict these factual allegations. A feeble attempt was made to show that an officer of defendant had knowledge of the true facts from a third person. These ambiguous contentions — not facts — are completely demolished by the affidavit of the third person.

Section 939 of the Penal Law, to which reference has been made, provides, among other things, that one who obtains employment by any false statement in writing as to his " qualification " is guilty of a misdemeanor. Section 224 of the Education Law makes it a misdemeanor for any person, with intent to deceive, to falsely represent that he has received a degree from a regularly organized institution of learning.

It is familiar law that contracts which are directly violative of or have for their object the violation of statutes enacted for the protection of the public are generally held illegal (1 New York Law of Contracts, § 397). A less stringent rule is applied to a contract collaterally connected with an illegal act (cf. Restatement, Contracts, § 597) but it has been held that a contract procured by the commission of the crime heretofore quoted from the Penal Law is unenforcible. (*Morgan Munitions Supply Co.* v. *Studebaker Corp.*, 180 App. Div. 530, 534.)

The plaintiff contends, however, that in the making of the contract the facts as to whether or not he had the degrees was of no importance or materiality; that the important considerations were his experience in the textile field. To quote his own words — " In stating that I had these degrees this was more in the nature of ' puffiness '." It is unnecessary, however, to pass upon the validity of the contract or its enforcibility. Moreover, in the present posture of the case, the materiality of the representations does not raise a triable issue. The defendant has presented prima facie proof that in making the contract it relied upon the representations. The plaintiff has failed to rebut this showing or to establish that the defendant knew the representations were false at the time of the hiring.

It is a recognized rule that " The party deceived must not only be justified in his belief that the representation is true, but he must also be justified in taking action on that basis. This usually is expressed by saying that the fact represented must be a material one." (Prosser, Law of Torts, p. 554.) This question is frequently one for the trier of the facts. (*Ochs* v. *Woods*, 221 N. Y. 335, 338.) There is, however, a recognized

exception to this rule. "If, however, a party to a bargain has made misrepresentations for the purpose of inducing action by the other, and the other party has acted, relying upon the misrepresentations, it seems that the former should not be allowed to deny that misrepresentations which have effectively served a fraudulent purpose were material. This in effect is saying that any misrepresentations which were intended to bring about a particular result and which do bring about that result are sufficiently material." (5 Williston, Contracts, § 1490, pp. 4159–4160 and authorities therein cited; Prosser, Law of Torts, p. 555.)

The plaintiff has failed to controvert defendant's proof that the representations were made; that they were false and that defendant relied upon them. There remains no triable issue.

The order insofar as appealed from should be reversed on the law and the motion for summary judgment dismissing the complaint granted, with costs to appellant.

BOTEIN, P. J., BREITEL, VALENTE, STEVENS and BASTOW, JJ., concur.

Order so far as appealed from unanimously reversed on the law, with $20 costs and disbursements to the appellant and the motion for summary judgment dismissing the complaint granted, with $10 costs, and judgment is directed to be entered in favor of the defendant dismissing the complaint, with costs.