Sibhby Squire, J.
The defendant moves for an order permitting the service and filing of a counterclaim. The proposed pleading, unverified, is part of the moving papers. The claimants oppose.
In this court, a defendant is not required to serve an answer to the claim, all allegations of the latter being treated as denied (Rules of Court of Claims, rule 13).
*111 A motion such as this, for permission to interpose a counterclaim, is governed, in effect, by the law relating to permission to amend a pleading.
Usually on such motion the court would not examine into and determine the legal sufficiency of a proposed pleading. There is a recognized exception to that principle of law, where the proposed pleading is palpably deficient. (Blessington v. McCrory Stores Corp., 198 Misc. 291, affd. 279 App. Div. 806, 279 App. Div. 807, unanimously affd. 305 N. Y. 140, 146 [1953] Desmond, J. (now Ch. J.) ; Dumbadze v. Agency of Canadian Car & Foundry Co., 38 N. Y. S. 2d 991, 995, affd. sub nom. Gurge v. Agency of Canadian Car & Foundry Co., 267 App. Div. 782.)
Here, the defendant is endeavoring to recover from the claimants $867,380.69 on three proposed alleged causes of action for fraud and deceit, or grounded in fraud. The entire first cause of action is realleged as integral portions of the second and third causes of action.
In the leading case of Reno v. Bull (226 N. Y. 546) McLaughlin, J., wrote at page 550: “ The action, as indicated, was to recover for fraud and deceit and to maintain it the plaintiff had to prove that the defendants, as directors, by adopting and authorizing Barney & Company to issue the circular, made the representations alleged; that such representations were false; that they knew they were false; that they were made for the purpose of deceiving the public, and that he, believing the same to be true, made the purchase and was thereby damaged; in other words, the plaintiff had to prove, as this court has recently said, ‘ Representation, falsity, scienter, deception and injury. ’ (Ochs v. Woods, 221 N. Y. 335.) This rule is so well settled in this state that the citation of authorities seems almost unnecessary. But see the following: (Oberlander v. Spiess, 45 N. Y. 175 ; Meyer v. Amidon, id. 169 ; Wakeman v. Dalley, 51 N. Y. 27 ; Arthur v. Griswold, 55 N. Y. 400 ; Salisbury v. Howe, 87 N. Y. 128 ; Brackett v. Griswold, 112 N. Y. 454 ; Kountze v. Kennedy, 147 N. Y. 124 ; Urtz v. N. Y. C. & H. R. R. R. Co., 202 N. Y. 170 ; Ochs v. Woods, supra.) This same rule prevails in other jurisdictions. (Nash v. Minn. Title Ins. & Trust Co., 163 Mass. 574 ; Cahill v. Applegarth, 98 Md. 493 ; Boddy v. Henry, 113 Ia. 462 ; Kimber v. Young, 137 Fed. Rep. 744 ; Taylor v. Ashton, 11 M. & W. 401 ; Derry v. Peek, L. R. 14 App. Cas. 337.) ”
The emphasis on “ scienter ” was supplied by Judge Collin writing for the unanimous court in the cited Ochs case (supra, p. 338).
In the Reno case (supra) Judge McLaughlin continued at pages 551 and 552: “ Negligence and fraud are not synonymous *112 terms; nor in legal effect are they equivalent terms. Fraud presupposes a willful purpose resorted to with intent to deprive another of his legal rights. It is positive in that the purpose concurs with the act, designedly and knowingly committed. Negligence, whatever be its grade, does not include a purpose to do a wrongful act. It may be some evidence of, but is not fraud. (Gardner v. Heartt, 3 Den. 232.) Fraud always has its origin in a purpose, but negligence is an omission of duty minus the purpose. (People v. Camp., 66 Hun, 531 ; Raming v. Metropolitan Street Ry. Co., 157 Mo. 477 ; Cleveland, C., C. & St. L. R. R. Co. v. Miller, 149 Ind. 490.) This distinction was clearly pointed out in Kountze v. Kennedy (supra, p. 129), the court saying: ‘ Misjudgment, however gross, or want of caution, however marked, is not fraud. Intentional fraud, as distinguished from a mere breach of duty or the omission to use due care, is an essential factor in an action for deceit \”
At bar, the proposed causes of action contain no allegation of scienter on the part of the claimants. This is fatal. Accordingly, the pleaded proposed causes of action are “palpably deficient ” as a matter of law.
Moreover, the proposed pleading is not concise, contains unnecessary repetition and avers evidentiary matter, all of which are proscribed by section 241 of the Civil Practice Act. For example, paragraphs “15” and “16” are pleaded as follows: “ 15. Many of such purportedly plotted cross-sections were actually false and fabricated, either by claimants or by the construction contractor, or both, and resulted, in substantial payment to the construction contractor for work never performed. 16. Claimants also made many errors in computing the said final estimate which resulted in many other substantial and wrongful overpayments to the construction contractor for work never performed.”
Another horrendous sample is paragraph “26: Defendant has no proof that any more than approximately 58,474 cubic yards of unsuitable material were actually excavated and removed.”
Why should an adversary answer such evidentiary matter? It is not an issue. That is precisely why said section 241 specifically declares that a pleading shall not contain ‘ ‘ the evidence by which ” material facts “ are to be proved.”
The motion is denied, without prejudice to renewal on appropriate papers.