Jack J. Danella, J.
The action by plaintiff is to recover on a promissory note for moneys loaned. Defendant filed a voluntary petition in bankruptcy and listed the loan which is the subject of this lawsuit. During the trial it was stipulated that defendant received a discharge in bankruptcy after this action was commenced. Plaintiff claims the debt is not dischargeable in bankruptcy by virtue of section 17 (subd. [a], par. [2]) of *467 the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [2]). Under this section, a debt is not dischargeable in bankruptcy if it was obtained by false representation. The relevant part of the Bankruptcy Act reads in part as follows: “ (a) A discharge in bankruptcy shall release a bankrupt from all his provable debts * * * except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive ’ ’.
Plaintiff’s cause of action, therefore, is one in fraud and the basis of the fraud is the alleged false financial statement in writing made by defendant at the time the loan was obtained. There is no question that the financial statement was false in that defendant failed to list therein all of her debts. However, in order for plaintiff to succeed, it must prove all of the elements of a fraud action including that defendant intended to deceive - plaintiff by the false statement and that plaintiff was actually deceived by the statement and relied upon it in making the loan to the defendant and, as a result thereof, suffered damages.
According to the testimony, defendant had been dealing with plaintiff for about 10 years and during all of that time had been in debt to plaintiff. From February 10, 1967 to the time of the present loan November 26, 1969, plaintiff made seven loans to defendant' and in connection with each loan a new application and financial statement were made by the defendant. These loans could be termed as renewals with defendant receiving some additional cash each time and the balance of the loan being used to pay off the prior loan. During the 10 years that defendant dealt with plaintiff she had a perfect payment record except for her default in the last loan.
Defendant was a self-employed hairdresser which fact was known to plaintiff. Yet, not a single debt in connection with her business was listed on any of the seven financial statements nor was defendant ever questioned about this. Also, defendant was making these loans without her husband’s knowledge. Yet, instead of asking defendant why she was concealing these loans from her husband, plaintiff actually co-operated with the defendant in keeping them a secret from her husband.
It has been held that ‘ ‘ when a small loan company has been doing business satisfactorily with a borrower for many years, and has the means to check his financial responsibility * * * but closes its eyes, it should be estopped to complain of mis *468 representation. If it were otherwise, a creditor could easily make its credit or loan immune from discharge in bankruptcy by the simple expedient of closing its eyes to what is obviously not true, and easily detected.” (Sweet v. Ritter Finance Co., 263 F. iSupp. 540, 544.)
It has been also held that reliance is to fraud what proximate cause is to negligence; in other words, fraud and injury must bear the relation of cause and effect. (Brackett v. Griswold, 112 N. Y. 454.) It has been further held that the representation must be a substantial factor in inducing a party to act or refrain from acting. (Ochs v. Woods, 221 N. Y. 335.)
Under the facts of this case, where a small loan company such as plaintiff has made repeated loans to a wife borrower (defendant) over a period of 10 years without checking her credit and has co-operated with her in concealing these loans from her husband instead of inquiring the reason therefor, it cannot be said that it acted in a reasonable and justifiable manner and should be estopped from asserting that it sustained damages because of its reliance upon a false financial statement and was actually deceived by such a statement.
The defendant having obtained a discharge in bankruptcy, the burden of proof is on the plaintiff to show that the debt is nondischargeable and where the nondischargeability is predicated upon fraud, plaintiff must prove all the essential elements of a fraud and deceit action by a fair preponderance of the evidence before it can recover. (Sweet v. Ritter Finance Co., supra.)
The court finds plaintiff has failed to sustain its burden of proof in that it sustained damages because it relied upon the false financial statement and was actually deceived by it. Judgment is granted to defendant dismissing plaintiff’s cause of action.