In the Matter of Paul V. FUHRMAN, Bankrupt.

No. 72-756.

United States District Court,
W. D. New York.

Nov. 27, 1973.

———————♦———————

Frank A. Farrell, Buffalo, N. Y., for Household Finance Corp.

Angelo J. Quagliana, Buffalo, N. Y., for bankrupt.

JOHN O. HENDERSON, District Judge.

This case is before this court on the petition of creditor Household Finance Company to review an order of the Referee in Bankruptcy, Hon. Beryl E. McGuire, allowing only in part the petitioner's claim of nondischargeability of a prebankruptcy debt. The question presented on review is whether Congress, by the 1960 amendments to section 17(a)(2) of the Bankruptcy. Act (11 U.S.C. § 35(a)(2)), intended to fashion a new rule of damages or whether the ordinary state rule of damages applies.

Household Finance Corporation asserts that this noncommercial bankrupt made a false financial statement in connection with a loan renewal. The evidence disclosed that on April 8, 1971 the bankrupt, a long-time customer of Household Finance Corporation, applied for a loan of additional monies on an existing account. At that time he furnished petitioner with a financial statement listing his total indebtedness as $18,475.15. In that statement he falsely stated he was receiving $110.00 per month from the rental of a portion of his house, and he concealed the existence of a substantial second mortgage on the property. As a consequence of the April 8 transaction, the bankrupt received $132.00 in additional funds, although on that date the bankrupt signed a loan renewal for the entire balance of his account.

The Referee found that this misstatement and omission in the financial statement were both knowing and intentional; that they were material; and that

Household Finance relied upon them, at least in part. The Referee found that, as a consequence of the foregoing, the debt of the bankrupt was nondischargeable, but only to the extent of $132.00, the amount of new money loaned to the bankrupt in the April 8 transaction.

The loan company argues that the entire outstanding balance of its loan, $1482.84, is nondischargeable and the Referee should have so ruled.

■ We start with the premise that "the basic purpose of the Bankruptcy Act [is] to give the debtor a 'new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' . . ." Lines v. Frederick, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Exceptions to a discharge should be construed, so far as reasonable, in favor of the bankrupt. Gleason v. Thaw, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1965). Moreover, findings of fact of a Referee in Bankruptcy should be accepted unless they are "clearly erroneous." In re Melnick, 360 F.2d 918 (2d Cir. 1966).

The pertinent language of the Bankruptcy Act is as follows:

"§ 17. *Debts not affected by a discharge.*

a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, *or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with*

*intent to deceive,* or for willful and malicious conversion of the property of another;" [1960 Amendment italicized.]

■ The Referee premised his decision on the theory that the false financial statement exception of section 17(a)(2) sounds in tort. He reasoned that Congress, by the 1960 amendments adding this exception to discharge, did not intend to fashion a new rule of damages for violations of the section. He concluded, therefore, that the measure of damages to be applied was the state law rule in fraud cases, that is, the "actual pecuniary loss" flowing from the fraud. Ochs v. Wood, 221 N.Y. 335, 117 N.E. 305 (1917). Applying that standard to the present case, the Referee reached the result set forth above. With that reasoning, this court is in agreement.

The court notes the decision of another district court affirming a Referee in Bankruptcy in a case with subtantially the same facts, although on different reasoning. In re Busatt, No. 73–B–5 (E.D.N.Y. July 10, 1973). See also, In re Reynolds, 47 Amer.Bankr.L.J. 61 (1972).

The court agrees with the Referee that to except from discharge that portion of the pre-existing debt untainted by fraud would be to render the form rather than the substance of the transaction controlling. In addition, such a result would fly in the face of the legislative history of the 1960 amendment to the Bankruptcy Act, which was to "limit the use of false financial statements as a bar to discharge." 2 U.S.Code Cong. and Admin.News 1960, p. 2954.

For the reasons set forth above, the order of the Referee, finding the sum of $132.00 as nondischargeable, is affirmed.

It is so ordered.