MICHAEL HEMMERICH, ERNEST T. KUHS and WILLIAM J. BENDER, Copartners Doing Business under the Firm Name and Style of HEMMERICH, KUHS & BENDER, Appellants, v. THE CITY OF GENEVA, Respondent.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, without prejudice to a renewal of the motion upon the payment by the defendant of these and previous motion costs awarded against it in this action.   All concur. (The order grants a motion to change the place of trial in an action on a contract.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

CLARA WINEGAR, 109 Larchmont Rd., Buffalo, N. Y., Respondent, v. FRED CHALUPEIT, Defendant, and EVELYN A. WINEGAR, Appellant.— Order affirmed, with ten dollars costs and disbursements.   All concur.   (The order grants a motion to strike out certain defenses in the answer in an automobile negligence action.)   Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

EDWARD KOZLOWSKI, as Administrator, etc., of STANLEY KOZLOWSKI, Deceased, Appellant, v. JOHN E. BANASZAK, Respondent.— Judgment affirmed, with costs. All concur.   (The judgment is for defendant in an action for damages for death of intestate caused by a defective scaffold.)   Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

BERNARD E. RUSH, as Administrator, etc., of BERNARD A. RUSH, Deceased, Residing in the Town of Newfane, Niagara County, and State of New York, Respondent, v. FLORENCE C. ADAMS and GEORGE ADAMS, Appellants.— Judgment and order affirmed, with costs.   All concur.   (The judgment is for plaintiff in an automobile negligence action.   The order denies a motion for a new trial on the minutes.)   Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

ROBERT W. COWART, Respondent, v. FREDERICK LANG, Appellant.— Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.   Memorandum: We cannot say from the trial court's charge that in reaching its verdict the jury may not have included in its award to plaintiff the " finance charge " which was the consideration for the privilege of deferring payment of the purchase price and thus was an accommodation or benefit to the plaintiff and not a proper element of damage.   If fraud is proved the rule by which the amount of damage is to be fixed is indemnity for actual pecuniary loss resulting directly from the wrongful act.   (Ochs v. Woods, 221 N. Y. 335, 340, 341; Hotaling v. Leach & Co., 247 id. 84, 87, 88.)   Such damages are established by proving the difference between " the value of that with which plaintiff parted and what was the value of that which he received." (Ochs v. Woods, supra, 341.)   All concur. (The judgment is for plaintiff in an action to recover damages for fraud and misrepresentation in the sale of an automobile.)   Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.