■ OFF CAMPUS OF COLUMBUS AVENUE, INC., et al., Appel-

lants, v GREGG STEINHAUSER et al., Respondents.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered January 22, 1991, which granted defendants' motion to dismiss plaintiffs' amended complaint, unanimously reversed, on the law, and the amended complaint is reinstated with leave to answer 10 days after service of a copy of this order with notice of entry, without costs.

In our view, the amended complaint contained sufficient allegations to sustain all three causes of action based on fraud, mistake, and violations of Real Property Law § 442-a.

This is an action to recover the sum of $100,000, paid over to defendants by plaintiffs in connection with their efforts to obtain a lease for certain retail store premises on the upper East Side of Manhattan. Unlike the original complaint, which was dismissed for lack of specificity under CPLR 3016 (b) with leave to replead, the current pleading alleges that at a meeting on June 9, 1988, the individual plaintiff ("Greenberg") met with defendants Irwin and Gregg Steinhauser, who knowingly made the following false representations upon which Greenberg relied: that "(a) Irwin Steinhauser's wife was a principal of the corporation which owned the premises; (b) Irwin Steinhauser had acquired a lease on the premises; and (c) for the sum of $100,000 Irwin Steinhauser would relinquish his lease and would arrange for the plaintiffs to be given a lease on the same terms and conditions, with plaintiffs to have immediate possession of the premises."

It is alleged that following these misrepresentations the Steinhausers, acting as agents of each other and the corporate defendant ("IPC"), directed Greenberg to draw his $100,000 check to Gregg's order, who caused it to be deposited to the account of IPC. The next day plaintiffs' corporation ("Campus") entered into a written lease with Andoreale Corporation as landlord and Campus as tenant, pertaining to the subject premises. Only thereafter did Greenberg learn that Irwin Steinhauser had no lease to the premises, and that neither Steinhauser nor his wife had any relationship with or to the landlord. These allegations present all the elements of a prima facie cause of action in fraud (*Robitzek v Reliance Intercontinental Corp.*, 7 AD2d 407, *affd* 7 NY2d 1041).

The second cause of action, essentially for money had and received, alleging that plaintiffs paid under a mistake of fact of which defendants were fully aware, is "an appropriate action, alternative to an action of deceit" (60 NY Jur 2d, Fraud and Deceit, § 191). The fact that Gregg, to whom the

funds were delivered, in turn paid it over to IPC, allegedly his corporate alter ego, does not defeat the action, particularly where Gregg is in privity with the ultimate payee *(cf., National Trust Co. v Gleason,* 77 NY 400).

The statutory third cause of action, resting on the cited section of the Real Property Law, reasonably anticipates that defendants may attempt to justify their retention of the $100,000 by reference to Gregg's status as a licensed real estate salesman, and a contention that their function in the transaction was to render legitimate brokerage services. But direct payment to Gregg of a brokerage commission would clearly violate Real Property Law § 442-a, which prohibits the payment of any compensation to a licensed salesman except by a licensed real estate broker. Defendants do not claim that IPC is a licensed broker. True, there is a reference to the affidavit of one Rina Schwartz, presented in support of the motion to dismiss the original complaint, who, presenting herself as a licensed broker and Gregg's principal, asserted that she had orally assigned her commission entitlement to the latter. That proposition simply presents, at best, a triable issue of fact, beyond the purview of a motion addressed to the pleadings. Of course we do not pass upon the question of whether such an oral assignment would escape the bar of section 442-a, in the absence of any answer from defendants raising the issue. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.