COLOTONE LIQUIDATING
TRUST, etc., Plaintiff,

v.

BANKERS TRUST NEW YORK
CORPORATION, et al.,
Defendants.

No. 99 Civ. 3324 LAK.

United States District Court,
S.D. New York.

Jan. 19, 2000.

Richard K. Coplon, Hellring Lindeman Goldstein & Siegal LLP, Newark, NJ, for Plaintiff.

Robert H. Pees, James P. Chou, Akin, Gump, Strauss, Hauer & Feld, L.L.P., New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff, The Colotone Imaging, Inc. Reorganization Trust, suing herein as Colotone Liquidating Trust Created Under the Confirmed Plan of Reorganization for Colotone Imaging Inc., f/k/a Colotone Graphics, Inc. (the "Trust"), brings this action against Bankers Trust New York Corporation and a number of its affiliates (collectively "Bankers Trust") for breach of fiduciary duty and fraud. Defendants move to dismiss the second amended complaint for failure to state a claim upon which relief may be granted and for failure to allege fraud with particularity.[1]

### Facts

According to the second amended complaint, Bankers Trust acquired Colotone Graphics, Inc. ("Colotone") in 1995 and took complete day to day control of the company. It published or permitted publication of financial information suggesting that Colotone was financially healthy, growing, and supported by Bankers Trust. Trade suppliers, in reliance on this appearance, continued to ship merchandise and provide services to Colotone on credit. In fact, however, the financial picture at Colotone was not so rosy. By November 30, 1995, Bankers Trust knew that Colotone was insolvent and wrote off its entire investment in the company, although it did not so notify the public or the trade creditors.

On March 13, 1996, Colotone filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern

1. FED. R. CIV. P. 9(b).

District of Texas. On August 27, 1996, the Bankruptcy Court confirmed a liquidating plan of reorganization (the "Plan").[2] The Plan created the plaintiff Trust "for the receipt, maintenance, preservation, liquidation and prosecution of all assets of the Debtor, and all Retained Causes of Action."[3] The Retained Causes of Action are "all claims or causes of action available to Debtor at law or in equity, whether existing under state law or created under the Bankruptcy Code" and were "assigned [under the Plan] to the Plan Trust, free and clear of all liens, claims and encumbrances."[4] The Plan Trustee was "expressly appointed a representative of Debtor ... for purposes of prosecution, settlement, and enforcement of any claims, demands, or causes of action."[5] The proceeds of its endeavors ultimately are to be distributed to the general unsecured creditors of Colotone, net of expenses.[6]

The second amended complaint asserts two claims for relief. The first claims that Bankers Trust breached its fiduciary duty by failing to disclose Colotone's deteriorating financial condition and then insolvency to Colotone's creditors. The second is for fraud based on much the same allegations. But the complaint has a schizophrenic quality that has not been improved by two prior amendments: although the Trust is the plaintiff, the complaint repeatedly speaks as if Colotone's general unsecured creditors are the plaintiffs.[7] Of course, they are not, and this failure to recognize who the plaintiff really is and the interest that it has is fatal to this case.

2. Pl. Mem. Ex. A. The Court takes judicial notice of the confirmation order, the plan of reorganization, and the trust instrument created pursuant thereto.

3. Plan, Art. 2, at 4.

4. *Id.* § 5.07 & Art. 2, at 4.

5. *Id.* § 5.07.

6. *Id.* §§ 4.06–4.07 & Art. 2, at 2 (definition of "Available Funds").

7. *E.g.,* Sec. Am. Cpt. ¶¶ 22–23, 25, 27, 31–32 and prayer for relief.

## Discussion

The Trust, the only plaintiff in this case, is the assignee of "[a]ll assets of Debtor [Colotone], tangible and intangible, real and personal...."[8] It exists to prosecute, settle and enforce claims and causes of action that previously belonged to Colotone.[9] And while the beneficiaries of any recoveries by the Trust, under the Plan, are the general unsecured creditors, there is no suggestion that the Trust is the assignee of the claims of individual creditors or otherwise represents them. Hence, the only claims owned by the Trust are claims that previously belonged to Colotone; it stands entirely in Colotone's shoes.

In order to recover for fraud or breach of fiduciary duty, a plaintiff must establish not only the misconduct complained of, but injury flowing from that misconduct.[10] The second amended complaint here alleges no injury to Colotone caused by the alleged deceit practiced upon its trade creditors. On the contrary, there is every reason to suppose that Colotone was the beneficiary of any such deceit because it would have resulted in its receiving goods and services, the obligation to pay for which was discharged in bankruptcy.

Plaintiff responds to this elementary point first by contending that Colotone no longer exists and that the Bankruptcy Court authorized it to pursue claims on its behalf. With due respect, however, that misses the point entirely. What the Trust

8. Plan § 5.08.

9. *Id.* § 5.07.

10. *Diduck v. Kaszycki & Sons Contr., Inc.,* 974 F.2d 270, 282, 284 (2d Cir.1992) (breach of fiduciary duty); *Slotkin v. Citizens Cas. Co. of N.Y.,* 614 F.2d 301, 320 (2d Cir.1979), *cert. denied sub nom. McGrath v. Slotkin,* 449 U.S. 981 (1980) (fraud); *Ochs v. Woods,* 221 N.Y. 335, 338, 117 N.E. 305 (1917) (fraud).

is entitled to do is to prosecute claims formerly owned by Colotone. Colotone, at least as far as this complaint shows, had no claim against these defendants. The Trust is not entitled to prosecute claims owned individually by former creditors of Colotone.[11]

Plaintiff's other contention is that defendants are judicially estopped from challenging its standing because they allegedly took a contrary position in another case.[12] In order to prevail on a claim of judicial estoppel, the party asserting the estoppel must establish "that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner."[13] Even putting aside the facts that the defendant in the earlier case is not a defendant here and *vice versa* and that the positions taken previously and here arguably are reconcilable, it is undisputed that the position taken in the prior case was not adopted by the prior court. In consequence, there is no basis for the estoppel argument.

In view of the Court's holding that the complaint fails to allege injury to Colotone caused by the alleged misconduct, it is unnecessary to address defendants' other arguments.

### Conclusion

The motion to dismiss the second amended complaint is granted in all respects. Although plaintiff has not again sought leave to amend, the Court on its own motion has considered whether leave nevertheless should be granted. It concludes that further leave would be inappropriate for several reasons: (1) there is no reason to believe that the deficiency in the second amended complaint might be cured, (2) the ground on which the second amended complaint is dismissed was advanced by defendants in their motion to dismiss the first amended complaint, yet plaintiff made no effort to cure the defect, and (3) plaintiff has amended twice before.

Accordingly, the Clerk will enter final judgment for defendants and close the case.

SO ORDERED.

**11.** The only authority cited by plaintiff in support of its position is a fragment of a sentence stating that a bankrupt's estate includes "all interests, including all creditors and equity" lifted out of context from *In re Nextwave Personal Comm., Inc.*, 235 B.R. 305, 308 (Bankr. S.D.N.Y.1999). The statement, however, was made in the context of explaining the broad scope of a trustee's avoidance powers under Section 544(b) of the Bankruptcy Code, 11 U.S.C. § 544(b), which must be exercised "for the benefit of the estate." 11 U.S.C. § 550(a). Not only did plaintiff's counsel fail accurately to use the quoted language, but the decision

upon which they rely was reversed after they filed their brief. *In re Nextwave Personal Comm., Inc.*, 200 F.3d 42 (2d Cir. 1999), *rev'g* *NextWave Personal Comm., Inc. v. FCC*, 241 B.R. 311 (S.D.N.Y.), *aff'g* 235 B.R. 305 (Bkrtcy.S.D.N.Y.1999).

**12.** *Pitman Co. v. BT Capital Partners, Inc.*, Civ. No. 96–3296 (D.N.J.).

**13.** *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 140–41 (2d Cir.2000) (quoting *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir.1999)).